IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DECARLA CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1083-M-BN |
| | § | |
| DOCUSIGN, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff DeCarla Cruz filed a *pro se* complaint against her former employer. *See* Dkt. No. 3.

Senior United States District Judge Barbara M. G. Lynn referred Cruz's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendant DocuSign, Inc. moved to compel arbitration. *See* Dkt. Nos. 11 & 12. Cruz responded. *See* Dkt. No. 19. And DocuSign replied. *See* Dkt. No. 20.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to compel, retain the case, refer it to arbitration, and administratively close it pending the outcome of arbitration.

**Discussion**

"[A]rbitration is a matter of contract, so "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers*

*of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960).

Consequently, under the "two-step process" to "analyze whether a party can be compelled to arbitrate, courts must ask first whether '"the party has agreed to arbitrate the dispute."' *Janvey v. Alguire*, 847 F.3d 231, 240 (5th Cir. 2017) (per curiam) (quoting *Sherer v. Green Tree Serv. L.L.C.*, 548 F.3d 379, 381 (5th Cir. 2008)).

"If the party opposing arbitration has agreed to arbitrate," courts "'then ask if "any federal statute or policy renders the claims nonarbitrable."'" *Janvey*, 847 F.3d at 240 (quoting *Sherer*, 548 F.3d at 381 (quoting, in turn, *JP Morgan Chase & Co. v. Conegie*, 492 F.3d 596, 598 (5th Cir. 2007))); *see also Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530-32 (5th Cir. 2019) (concluding that, "[i]f the trial court finds that a valid agreement to arbitrate exists and that the claims asserted fall within that agreement, it is required to compel arbitration," but, "[i]f, on the other hand, the trial court determines that there is no arbitration agreement between the parties, or that no dispute between them falls within the scope of the binding arbitration agreement, the court must deny the motion to compel arbitration with prejudice"(citations and footnote omitted)).

DocuSign has carried its burden to show that Cruz agreed to arbitrate:

> DocuSign sent an offer of employment to Plaintiff electronically via the DocuSign application on February 8, 2022 ("Offer Letter"). The Offer Letter expressly informed Plaintiff that her offer was contingent upon agreeing to an Arbitration Agreement as a condition of beginning her employment. The Offer Letter included a copy of that Arbitration Agreement.
> Plaintiff signed that Offer Letter and Arbitration Agreement via DocuSign on February 8, 2022. It was automatically returned to DocuSign once signed.

>    A true and correct copy of the signed Offer Letter, which includes the Arbitration Agreement, is attached hereto as Exhibit A.
>    Plaintiff began her employment with DocuSign on February 14, 2022 as a Process Analyst. Her work location was her Dallas, Texas home office.
>    Plaintiff's employment offer was contingent upon acceptance of the Arbitration Agreement and other related Agreements. As such, if Plaintiff had refused to agree to the Arbitration Agreement, DocuSign would have withdrawn Plaintiff's offer of employment.

Dkt. No. 12-1 at 2 (Decl. of Lauren Vergara, DocuSign's Director, Talent Acquisition Operations); *see id.* at 4-35 (signed offer letter, attached to which is an arbitration agreement [Dkt. No. 12-1 at 26-29]).

DocuSign's evidence also sets out the broad scope of the agreement to arbitrate:

> To the fullest extent permitted by law, the Company and I … agree to submit to mandatory binding arbitration, governed by the Federal Arbitration Act … any and all claims arising out of or related to my employment with the Company and the termination thereof, including, but not limited to, claims for unpaid wages, wrongful termination, torts, stock or stock options or other ownership interest in the Company, and/or discrimination (including harassment) based upon any federal, state or local ordinance, statute, regulation or constitutional provision except that each party may, at its, his or her option, seek injunctive relief in court related to the improper use, disclosure or misappropriation of a party's private, proprietary, confidential or trade secret information.

Dkt. No. 12-1 at 29; *compare id.*, *with Dow v. Keller Williams Realty, Inc.*, 625 F. Supp. 3d 556, 565 (N.D. Tex. 2022) ("Broad arbitration clauses cover more than contractual disputes. They 'embrace all disputes between the parties having a significant relationship to the contract, regardless of the label attached to the dispute.' Thus, a dispute must only 'touch matters' covered by a broad arbitration clause to fall within its scope. All of Dow's claims against the KWRI Defendants 'touch matters' covered by the Arbitration Clauses. Thus, her claims are within the Clauses'

- 3 -

scope." (quoting *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067, 1068 (5th Cir. 1998))).

And, insofar as Cruz may argue "that a federal statute or policy renders [the] claims nonarbitrable," "Title VII claims can be subject to mandatory arbitration agreements." *Robertson v. U-Haul Co. of Tex.*, No. 3:10-cv-2058-D, 2011 WL 444773, at *3 (N.D. Tex. Feb. 7, 2011) (citations omitted); *see Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 748 (5th Cir. 1996).

DocuSign's evidence also reflects that the arbitration agreement would be enforceable under Texas law. *See, e.g.*, *Robertson*, 2011 WL 444773, at *3-*4.

The Court should therefore grant the motion and compel arbitration but elect to retain this case and administratively close it pending the outcome of arbitration. *See, e.g.*, *Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 807-08 (5th Cir. 2020).

**Recommendation**

The Court should grant DocuSign's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration [Dkt. No. 11] to the extent that the Court should retain the case, refer it to arbitration, and administratively close it pending the outcome of arbitration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 22, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE